## BOXLEY v. BRENIZER COMPANY.

## MASTERSON v. BRENIZER COMPANY.

---

DEATH; NEGLIGENCE; EVIDENCE; RELEVANCY.

Where employees drilling holes for blasting by dynamite in a tunnel were killed by the contact of a drill with a concealed charge of dynamite which had failed to explode the evening before, and the declarations alleged negligence of the employer in failing to make proper examination to ascertain whether there were any unexploded charges of dynamite before permitting the employees to begin work the next morning, and also in negligently selecting incompetent employees for that purpose, a question of a witness as to his knowledge at the time he attempted to shoot off the charges which did not explode, if he knew of any instrument by which it could have been determined what the trouble was with them, and an offer to show by him that there was such an instrument, are properly rejected, as they relate entirely to a test of conditions existing before the explosion in the

NOTE.—On the question of liability of master for injuries caused by unexploded charge left after blast, see note in 48 L.R.A.(N.S.) 931.

evening, and not to the inspection of conditions the next morning, or to the selection of competent employees.

Nos. 3102 and 3103. Submitted March 7, 1918. Decided May 27, 1918.

HEARING on appeals by the plaintiffs from judgments of the Supreme Court of the District of Columbia, on verdicts in actions for damages for the death of plaintiffs' intestates.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

These suits were brought in the Supreme Court of the District of Columbia to recover damages for the alleged negligent killing of appellants,' (Lula Boxley and Clara B. Masterson) intestates. The suits were consolidated and tried together. For convenience, appellants will be referred to as plaintiffs, and appellee corporation, Warren F. Brenizer Company, as defendant.

In July, 1914, defendant company was engaged in constructing an underground tunnel in Rock Creek Park in this District. At the time of the accident, work was being projected through rock which necessitated blasting by the use of dynamite. On the night prior to the accident, holes had been drilled into the face of the rock, charged with dynamite, and exploded. When the day shift came on duty next morning, the first men to enter the tunnel were what are known as "muckers," whose duty it was to clean away the rock and dirt dislodged by the explosion sufficiently to permit the drillers to work.

What was done on the morning in question was described by a witness for plaintiffs, as follows: "The muckers shovel down all the loose rock that has been blown out by the explosion from the face of the tunnel, and when the drillers and drill helpers come in they finish it. I had no idea that there was an unexploded hole there that morning, and saw no signs of a shot that had not been exploded. We sometimes encounter missed holes in that work. * * * They scaled down the tunnel and removed the loose rock to see if there was any missed holes; it

was done that morning. * * * The face of the tunnel was all clean when they started to drill that morning."

Both of the decedents belonged to the day shift. Boxley was a drill runner, and Masterson a driller's helper. Both had been in the employ of defendant for several years. Boxley was engaged in drilling a hole in the face of the tunnel when the drill came in contact with a concealed charge of dynamite which had failed to explode the evening before. The impact of the drill caused the dynamite to explode, resulting in the death of plaintiffs' intestates.

Two trials were had, the first resulting in a verdict of $500 in the Boxley Case, and $1,200 in the Masterson Case. The court granted plaintiffs' motions for a new trial. The second trial resulted in verdicts for defendant. From the judgments thereon, these appeals are prosecuted.

*Mr. F. B. Rhodes* for the appellants.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley,* for the appellee:

"The liability of an employer to his employees does not arise from the danger of the occupation in which the employees are called upon to engage, but from accident occurring through the negligence of the employer." *Anderson* v. *Smith,* 35 App. D. C. 93.

See also *Ball* v. *United States Exp. Co.* 32 App. D. C. 182.

According to the Federal decisions, following the decision of the Supreme Court of the United States in *Armour* v. *Hahn,* 111 U. S. 313, the doctrine of "safe place to work" does not apply to the instant cases, and no duty of inspection for "missed holes" exists; and following the decisions in *B. & O. R. Co.* v. *Baugh,* 149 U. S. 368, and *Alaska Min. Co.* v. *Whelan,* 168 U. S. 86, the "fellow servant" and "assumed risk" rules are applicable, and therefore plaintiffs were not entitled to recover.

See *American Bridge Co.* v. *Seeds,* 144 Fed. 605; *Minneapolis* v. *Lundin,* 58 Fed. 525; *Browne* v. *King,* 100 Fed. 561; *Davis* v. *Trade Dollar Consol. Min. Co.* 117 Fed. 122;

*United Zinc Cos.* v. *Wright,* 156 Fed. 571; *Main & N. H. Granite Corp.* v. *Hachey,* 173 Fed. 784.

The decision of many of the State courts are to the same effect. *Anderson* v. *Mining Co.* 50 Pac. 815; *Shaw* v. *New Year Gold Mines Co.* 31 Mont. 138; *Anderson* v. *Daly Min. Co.* 16 Utah, 28; *Poorman Silver Mines* v. *Devling,* 34 Colo. 37; *Cullen* v. *Norton,* 126 N. Y. 1; *Mancuso* v. *Cataract Constr. Co.* 34 N. Y. Supp. 273.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The first count of the third amended declarations, on which the cases were tried, alleged the breach of duty resting upon defendant, as follows: "It thereupon became the duty of the defendant to examine said holes and ascertain whether the charge in each one had been actually exploded, which fact could have been ascertained by it, said defendant, had a thorough and careful examination been made, but the said defendant negligently and carelessly failed to ascertain the fact of the nonexplosion of certain of said charges, and permitted the day shift to begin work on the following morning without making a thorough effort to ascertain whether the explosive in each of said holes had been discharged." In the second count, the breach of duty is alleged as follows: "That it thereupon became the duty of the defendant to cause, through careful and competent employees, the discharge of all of the explosives in said holes, but the said defendant negligently and carelessly selected incompetent employees for that purpose."

The single assignment of error relates to the refusal of the court to permit a witness for plaintiff to answer the following question: "At the time you attempted to shoot off the center holes and they did not go off, did you know of any instrument by which, at that time, it could have been determined what the trouble was with those charges?" Objection was interposed on the general ground that the declaration did not charge that defendant failed to provide a safe place in which to work or the necessary instruments and tools with which to work, but that it merely charged that the company negligently failed to make

proper inspection after the holes were exploded to ascertain whether all had been exploded before permitting the day shift to go to work. In other words, the question was not relevant to the issue; in that it related to a test to be made before the holes had been exploded to determine why they had not exploded, while the issue related to the failure to properly inspect the face of the tunnel after the explosion and before permitting the day shift to go to work, and the failure to select competent employees.

When the objection was sustained by the court, counsel for plaintiff made a tender to prove as follows: "I offer to show by this witness that an instrument known as an explosive tester or galvanometer was in use and obtainable at that time by the defendant, which machine would have disclosed the difficulty which had been experienced in the failure to shoot off the holes; and that by the use of such instrument it would have been unnecessary to use the dangerous expediency of connecting those holes up independently; that the use of such an instrument was a part of a proper inspection of said heading."

The tender is as widely at variance with the declarations as the question. It relates entirely to a test of conditions existing before the explosion in the evening, and not to the inspection of the conditions surrounding the workmen the next morning, or the selection of competent employees, which furnished the basis of the negligence alleged. There was no error in sustaining the objection. All other issues of fact, without objection or exception, were submitted to the jury, and its verdicts thereon are conclusive.

The judgments are affirmed. *Affirmed.*